IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAI YING TSANG and SCOTT JEFFERSON,<br><br>            Plaintiffs,<br><br>    vs.<br><br>PORTER MCGUIRE KIAKONA, LLP and ASSOCIATION OF APARTMENT OWNERS OF THE PACIFIC ISLANDER,<br><br>            Defendants.<br>_____ | Civil No. 23-00333 MWJS-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663–15.5 |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S PETITION FOR DETERMINATION OF
GOOD FAITH SETTLEMENT PURSUANT TO HRS § 663–15.5

On May 26, 2024, Plaintiffs Lai Ying Tsang ("Plaintiff Tsang") and Scott Jefferson ("Plaintiff Jefferson") (collectively, "Plaintiffs") filed a Petition for Determination of Good Faith Settlement Pursuant to HRS § 663–15.5 ("Petition"). ECF No. 40.  The Petition seeks a determination that the settlement between Plaintiffs and Defendant Association of Apartment Owners of the Pacific Islander ("Defendant AOAO") was made in good faith pursuant to Hawaii Revised Statutes ("HRS") § 663–15.5.  *Id.*  On June 3, 2024, Defendant AOAO filed a Statement of Position regarding the Petition.  ECF No. 41.  On June 14, 2024, Defendant Porter McGuire Kiakona, LLP ("Defendant PMK") filed a Statement of No Opposition to

the Petition.  ECF No. 46.  On June 28, 2024, Plaintiffs filed a Notice of No Reply regarding the Petition.  ECF No. 51.

The Court elected to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  ECF No. 42.  After carefully considering the Petition, the parties' submissions, applicable law, and the record in this case, the Court FINDS that the settlement between Plaintiffs and Defendant AOAO was made in good faith under HRS § 663–15.5 and RECOMMENDS that the district court GRANT the Petition.

## BACKGROUND

The Court and the parties are familiar with the facts and issues in this case. The Court therefore will only recite those relevant to the Petition.

On or about July 25, 2019, Plaintiffs purchased Unit 203 at the Pacific Islander Condominiums, located at 249 Kapili Street, Honolulu, Hawaii 96815 (the "Unit").  After purchasing the Unit, the account associated with the Unit became delinquent due to unpaid monthly maintenance fees and other related amounts. Thereafter, Defendant PMK, as counsel for Defendant AOAO, initiated efforts to collect the outstanding balance for the Unit.

On October 25, 2022, Defendant AOAO, with Defendant PMK as its counsel, filed a complaint against Plaintiff Tsang in the Circuit Court of the First

2

Circuit, State of Hawaii.  ECF No. 1-8.  Therein, Defendant AOAO seeks foreclosure and a monetary judgment against Plaintiff Tsang for non-payment of maintenance fees and other related amounts.  *See id.*

On August 8, 2023, Plaintiffs filed their Complaint in this district court, alleging misconduct in connection with the collection of the debt.  ECF No. 1.  Plaintiffs assert claims of violations of the Fair Debt Collection Practices Act, unfair or deceptive acts or practices, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress.  *Id.* at 48–69.  Trial is set for January 14, 2025.  ECF No. 28 at 1 ¶ 1.

On January 17, 2024, the Court held an early settlement conference, but no settlement was reached.  ECF No. 36.  On February 1, 2024, Plaintiffs participated in a further early settlement conference with Plaintiffs only ("02/01/2024 Conference").  ECF Nos. 37, 38.  The court minutes from the 02/01/2024 Conference indicate that settlement discussions were ongoing.  ECF No. 38.  Plaintiffs and Defendant AOAO subsequently settled and executed a Settlement and Mutual Release Agreement ("Settlement Agreement") on May 15, 2024.  ECF No. 40-3.  On May 26, 2024, Plaintiffs filed the Petition.  ECF No. 40.

## DISCUSSION

A finding of good faith settlement accomplishes the following:

> (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint

> tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement.

*Tansey v. Marriott Hotel Servs., Inc.*, CIVIL NO. 19-00231 JAO-WRP, 2020 WL 1495993, *1 (D. Haw. Mar. 10, 2020) (citing Haw. Rev. Stat. § 663–15.5(a) and (d)), *adopted by* 2020 WL 1493041 (D. Haw. Mar. 27, 2020).

The Hawaii Supreme Court has adopted a "totality of circumstances" analysis to determine whether a settlement is made in good faith under HRS § 663–15.5. *Doyle v. Hawaiian Cement*, Civ. No. 08-00017 JMS /KSC, 2009 WL 1687022, *2 (D. Haw. June 15, 2009) (citing *Troyer v. Adams*, 102 Haw. 399, 77 P.3d 83 (2003)). The Hawaii Supreme Court set forth a nonexclusive list of issues that courts may consider when deciding whether a settlement was made in good faith:

> (1) the type of case and difficulty of proof at trial, e.g., rearend motor vehicle collision, medical malpractice, product liability, etc.;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
> (4) the predicted expense of litigation;
>
> (5) the relative degree of fault of the settling tortfeasors;

>   (6) the amount of consideration paid to settle the claims;
>
>   (7) the insurance policy limits and solvency of the joint tortfeasors;
>
>   (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
>   (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Id.* (citing *Troyer*, 102 Haw. at 427, 77 P.3d at 112) (the "*Troyer* factors").

A settlement agreement is made in good faith when the totality of circumstances show that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. *Id.* The non-settling defendant has the burden to show that the settlement was not reached in good faith. *Id.* (citing Haw. Rev. Stat. § 663–15.5(b)).

The Court has reviewed the *Troyer* factors and the terms of the Settlement Agreement. After carefully considering the Petition and the totality of the circumstances, and the absence of opposition thereto[1], the Court finds that the

---

[1] In its Statement of Position, Defendant AOAO points out that the Petition incorrectly states that the Settlement Agreement requires Plaintiffs to amend the Complaint to remove Defendant AOAO as a party to this lawsuit. ECF No. 41 at 2 (citing ECF No. 40-1 at 9). Rather, Paragraph 2.c. of the Settlement Agreement requires the parties to submit a "Stipulation for Partial Dismissal With Prejudice of All Claims Against the Association." *Id.*; ECF No. 40-3 at 2. Defendant AOAO states that it has no opposition to the Petition provided that Plaintiffs acknowledge and agree to comply with Paragraph 2.c. ECF No. 41 at 2. In the Notice of No Reply, Plaintiffs state that they will cooperate with dismissal of Defendant AOAO. ECF No. 51 at 2.

terms of the Settlement Agreement meet the purpose of HRS § 663–15.5 and were entered into in good faith.  Accordingly, the Court recommends that the district court grant the Petition.

## CONCLUSION

Based upon the foregoing, the Court FINDS that the settlement between Plaintiffs and Defendant Association of Apartment Owners of the Pacific Islander was made in good faith under Hawaii Revised Statutes § 663–15.5.  The Court thus RECOMMENDS that the district court GRANT the Petition.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 1, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*Tsang, et al. v. Porter McGuire Kiakona, LLP, et al.*; Civil No. 23-00333 MWJS-KJM; Findings and Recommendation to Grant Plaintiffs' Petition for Determination of Good Faith Settlement Pursuant to HRS § 663–15.5