277-1

Of Counsel:
SAKAI IWANAGA SUTTON
LAW GROUP, AAL, LLLC

WAYNE M. SAKAI        696-0
MAX J. KIMURA         7393-0
1001 Bishop Street, Suite 1555
Honolulu, Hawaii 96813
Telephone No. (808) 792-3888
Fax No. (808) 521-5262

Email:   ayamato@silawgroup.com
         max@kimurahawaii.com

Attorneys for Plaintiffs
LAI YING TSANG and SCOTT JEFFERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAI YING TSANG; SCOTT JEFFERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>PORTER MCGUIRE KIAKONA, LLP; ASSOCIATION OF APARTMENT OWNERS OF THE PACIFIC ISLANDER,<br><br>Defendants. | Case No. 1:23-CV-00333-MWJS-KJM<br><br>PLAINTIFFS LAI YING TSANG AND SCOTT JEFFERSON'S MEMORANDUM IN OPPOSITION TO DEFENDANT PORTER MCGUIRE KIAKONA, LLP'S FIRST MOTION TO AMEND RULE 16 SCHEDULING ORDER AND FOR DISCOVERY SANCTIONS;<br><br>[*caption continued on next page*]<br><br>Date:   October 9, 2024<br>Time:   11:00 a.m. |

DECLARATION OF SCOTT JEFFERSON; DECLARATION OF MAX J. KIMURA; EXHIBIT "1"; CERTIFICATE OF COMPLIANCE; AND CERTIFICATE OF SERVICE

## TABLE OF CONTENTS

                                                          Page(s)

I.    INTRODUCTION ................................................................................................1

II.   DEFENDANT DOES NOT HAVE GOOD CAUSE TO MODIFY
       THE RULE 16 SCHEDULING ORDER ....................................................................2

       A.  DEFENDANT HAD REASONABLY ENOUGH TIME,
            DESPITE CHOOSING THE LONG, EXPENSIVE ROUTE .....................................3

       B.  DEFENDANT HAD REASONABLY ENOUGH TIME
            TO MEET THE DISPOSITIVE MOTIONS DEADLINE .........................................3

III.  PLAINTIFFS ACTED IN GOOD FAITH ...................................................................4

       A.  ANY ALLEGED FALSE AND UNSUPPORTED CLAIMS WERE MADE
            BY PLAINTIFFS' PRIOR ATTORNEYS, NOT PLAINTIFFS ...............................4

       B.  PLAINTIFFS ARE VICTIMS OF LACK OF COORDINATION,
            PREPAREDNESS, AND INSTRUCTION BY THEIR PRIOR ATTORNEYS ..............5

       C.  PRIOR ATTORNEYS FAILED KADDY BY NOT REQUESTING
            AN ENGLISH TO CHINESE INTERPRETER ......................................................6

IV.  DEFENDANT HAS SUFFERED NO PREJUDICE ......................................................6

V.   PLAINTIFFS ARE ENTITLED TO HAVE THEIR CASE TRIED ON THE MERITS ........7

VI.  CONCLUSION....................................................................................................7

## TABLE OF AUTHORITIES

**CASES**                                                                                                      **Page(s)**

*Johnson v. Mammoth Recreations, Inc.,*
    975 F.2d 604 (9th Cir. 1992) ................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16..................................................................................................2

**PLAINTIFFS LAI YING TSANG AND SCOTT JEFFERSON'S MEMORANDUM IN OPPOSITION TO DEFENDANT PORTER MCGUIRE KIAKONA, LLP'S FIRST MOTION TO AMEND RULE 16 SCHEDULING ORDER AND FOR DISCOVERY SANCTIONS**

Plaintiffs Lai Ying Tsang and Scott Jefferson ("Plaintiffs"), by and through Sakai Iwanaga Sutton Law Group, AAL, LLLC, respectfully submit their memorandum in opposition to the motion filed by Defendant Porter McGuire Kiakona, LLP ("Defendant") to amend the Court's Rule 16 Scheduling Order and for discovery sanctions, filed on August 26, 2024.

## I.     INTRODUCTION

This case arises from a condo and debt collection law firm using abusive, deceptive, and harassing methods to collect their own attorneys' fees from out-of-state apartment owners. Plaintiffs Lai Ying ("Kaddy") Tsang and Scott Jefferson ("Scott"), a married couple living in New York City, were advised by their prior attorneys—Richard L. Holcomb, Bruce F. Sherman, and Terrence M. Revere—("prior attorneys") that they had a "juicy" case against Defendant, which had a reputation of predatory billing, and that they would be doing Hawaii a great service by filing suit. Relying on advise of their attorneys, Plaintiffs filed suit in federal court.

Presently, Defendant moved to amend the Rule 16 Scheduling Order to extend both the discovery motions deadline and the dispositive motions deadline

which expired on July 18, and August 19, 2024, respectively, so that the court may consider sanctioning Kaddy and Scott.  In essence, Defendant wants to dismiss their case and thereby deny them a jury trial on the merits all because: A) **Defendant chose to subpoena documents** instead of first asking for them from prior attorneys; B) an **agitated Scott moved around and swore at Defendant counsel** who was badgering his deponent wife; C) an **immigrant Kaddy, for whom English is a second language, miscommunicated at the end of her long, stressful deposition,** wherein she was subjected to Defendant counsel's repetitive questioning; and D) **prior Plaintiffs attorneys mis-drafted pleadings** and generally, **mishandled the case**.  When you remove both Defendant counsel's conduct and prior attorneys' conduct, Plaintiffs' own conduct amount to just a molehill and undeserving of any severe and disproportionate sanction.  Accordingly, the Defendant's motion should be denied.

## II. DEFENDANT DOES NOT HAVE GOOD CAUSE TO MODIFY THE RULE 16 SCHEDULING ORDER

The Rule 16 Scheduling Order deadlines may be modified for "good cause".  Fed. R. Civ. P. 16(b).  The court must consider the diligence of the party seeking the modification and whether that party cannot reasonably meet the scheduled deadlines.  *Johnson v. Mammoth Recreations, Inc*. 975 F.2d 604, 609.  In this case, Defendant was not diligent in how it conducted discovery, and it could have reasonably met the scheduled deadlines.

### A. Defendant Had Reasonably Enough Time, Despite Choosing the Long, Expensive Route of Subpoenaing Documents

Defendant asserts that it could not meet the Rule 16 discovery motions deadline because just days before the deadline it received subpoenaed documents from Scott's realtor and property managers. First, Defendant chose to go through the long, expensive path of subpoenaing documents instead of simply asking Plaintiffs for the documents through a "**meet and confer**" with Plaintiffs' prior attorneys. Had Defendant done this it probably would have resulted in the production of documents sought by Defendant. *Declaration of Scott Jefferson at No. 7.* Nevertheless, even after Defendant received the subpoenaed documents, it still had days. It is reasonable to expect a large law firm, numbering over 40 attorneys, and charging high fees, to meet a deadline in days.

### B. Defendant Had Reasonably Enough Time to Meet the Dispositive Motion Deadline.

Similarly, Defendant asserts that it could not meet the dispositive motions deadline of August 19, 2024, because Kaddy's oral deposition took place on August 16, 2024, wherein Defendant characterize her miscommunications and misunderstandings as "perjury". Plaintiffs' position is that a large law firm, charging high rates, could reasonably meet the deadline. Especially, when Defendant counsel is consistently demanding its attorneys' fees from Plaintiffs,

3

Plaintiffs would expect that Defendant counsel should at least earn their fees by meeting deadlines before expecting someone else to pay for their fees.

Moreover, Defendant counsel unreasonably asserts that it could not meet the dispositive motions deadline because it did not receive Kaddy and Scott's oral deposition transcripts in time. **Transcripts are not required to support a dispositive motion**. Defendant had two attorneys present at both Plaintiffs' depositions. At least one of them could have written a declaration based on what they believed they observed.

In sum, Defendant does not have good cause to modify the Rule 16 Scheduling Order.

## III.   PLAINTIFFS' CONDUCT DOES NOT ARISE TO BAD FAITH

### A.   Any Alleged False and Unsupported Claims were made by Plaintiffs' Prior Attorneys, not Plaintiffs.

Kaddy and Scott are not sophisticated and not familiar with litigation. Kaddy, the primary Plaintiff and consumer, is an event photographer, mostly of sporting events. Moreover, she is an immigrant from Hong Kong and English is her second language. Kaddy's English abilities are passable for ordinary life in America, but not to the level where she could competently read, understand, and testify on legal matters without the assistance of an English-to-Chinese Interpreter and an attorney. She was totally and completely dependent on her prior attorneys.

4

Scott is an artist, not a lawyer. He held many jobs—waiter, graphic designer, tall ship sailor, swimming instructor, personal trainer—but none involved reading, writing, and understanding "legalese". *Jefferson Decl., No. 5*. Scott did not get around to getting a college degree in Fine Arts until he reached the age of forty-seven. Similar to his wife, Scott depended on and followed the advice of his prior attorneys. If there are any mischaracterization or description of facts, claims, and law in this case, that falls solely upon their prior attorneys. *Id*.

### B.  Plaintiffs are Victims of Lack of Coordination, Preparedness, and Instruction by their Prior Attorneys.

Kaddy and Scott have never been in a lawsuit before and have never had their depositions taken. Plaintiffs' prior counsel did not prepare them for their depositions. Prior counsel never properly explained what a deposition is, what to expect, how it is conducted, and how they are to conduct themselves. It is understandable that Kaddy and Scott were confused, nervous, frightened, and upset by the Defendant counsel's tactics. Repeatedly asking the same question, again and again, i.e. badgering, caused Kaddy to be disoriented, unconsciously make harmless errors, and unwittingly change her responses. Kaddy understandably fell victim to the circumstances because she is not a native English speaker. *Jefferson Decl., No. 3*.

### C.  Prior Attorneys Failed Kaddy by Not Requesting an English to Chinese Interpreter

Moreover, prior counsel failed Kaddy by not requesting an English to Chinese Interpreter. Kaddy is an **immigrant to America** and only first arrived to work in New York at the age of **forty years old**. Her English abilities are passable for every day living, but not any where near passable to testify on legal matters in a deposition or at trial. Accordingly, any strange or unusual responses by Kaddy are understandable given her utter confusion, bewilderment, and stress from having to listen so intently on questions in English and respond back in English. *Jefferson Decl., No. 4*. Naturally, when Defendant counsel asked the same question 5 times, Kaddy changed her words because it appears that the person asking the questions does not understand her response. Accordingly, she apparently believes that she was not using the right English words so she needs to change them.

### IV.  DEFENDANT HAS SUFFERED NO PREJUDICE

Nonetheless, any errors or transgressions committed by the Plaintiffs in their depositions were **harmless** and caused **no prejudice** to the Defendant. Scott apologizes to Defendant's counsel for swearing at him. The only harm and prejudice suffered by Plaintiffs' depositions were to the Plaintiffs' prior attorneys and Plaintiffs themselves.

## V. PLAINTIFFS ARE ENTITLED TO HAVE THEIR CASE TRIED ON THE MERITS

It is well-established law and public policy that cases should be tried on the merits and not dismissed summarily because of alleged minor transgressions of little or no prejudice to the other party. Kaddy and Scott are entitled to have their case tried on the merits and not dismissed because of their own harmless conduct or their prior attorney's conduct during the course of discovery. Moreover, any fault or harm caused by prior attorney's conduct should be borne by them and not Plaintiffs. It would be a miscarriage of justice to punish Kaddy and Scott for the conduct and omissions of their prior attorneys.

## VI. CONCLUSION

For the above stated reasons, Defendant's motion to amend the Rule 16 Scheduling Order and for discovery sanctions, including dismissal and/or an award of attorneys' fees or costs, should be denied.

Dated:  Honolulu, Hawaii, October 4, 2024.

                                         */s/ Max Kimura*
                                         WAYNE M. SAKAI
                                         MAX J. KIMURA
                                         Attorneys for Plaintiffs
                                         LAI YING TSANG and SCOTT JEFFERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAI YING TSANG; SCOTT JEFFERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>PORTER MCGUIRE KIAKONA, LLP; ASSOCIATION OF APARTMENT OWNERS OF THE PACIFIC ISLANDER,<br><br>Defendants. | Case No. 1:23-CV-00333-MWJS-KJM<br><br>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5 |

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5**

The undersigned hereby certifies that the foregoing memorandum filed on behalf of Plaintiffs Lai Ying Tsang and Scott Jefferson is formatted with Times New Roman 14-point font using Microsoft Word and that based on the word count feature of that program the memorandum, including headings, footnotes, and quotations, contains approximately 1,500 words, exclusive of Court caption, table of contents, table of authorities, and certificate of service.

Dated:  Honolulu, Hawaii, October 4, 2024.

                                           */s/ Max J. Kimura*
                                           WAYNE M. SAKAI
                                           MAX J. KIMURA

                                           Attorneys for Plaintiffs
                                           LAI YING TSANG and SCOTT JEFFERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAI YING TSANG; SCOTT JEFFERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>PORTER MCGUIRE KIAKONA, LLP; ASSOCIATION OF APARTMENT OWNERS OF THE PACIFIC ISLANDER,<br><br>Defendants. | Case No. 1:23-CV-00333-MWJS-KJM<br><br>CERTIFICATE OF SERVICE |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 4, 2024, copies of the foregoing document and Declarations of Scott Jefferson and Max J. Kimura and Exhibit "1" were duly served on the parties of record by using the Court's CM/ECF system to:

**CALVIN E. YOUNG, ESQ.**
**DAVID J. HOFTIEZER, ESQ.**
**STEVEN T. WALL, ESQ.**
999 Bishop Street, Suite. 1600
Honolulu, HI 96813

Attorneys for Defendant
PORTER MCGUIRE KIAKONA, LLP

Dated: Honolulu, Hawaii, October 4, 2024.

　　　　　　　　　　　　　　*/s/ Max J. Kimura*
　　　　　　　　　　　　　　WAYNE M. SAKAI
　　　　　　　　　　　　　　MAX J. KIMURA

　　　　　　　　　　　　　　Attorneys for Plaintiffs LAI YING TSANG and SCOTT JEFFERSON