277-1
Of Counsel:
SAKAI IWANAGA SUTTON
LAW GROUP, AAL, LLLC

WAYNE M. SAKAI           696-0
MAX J. KIMURA            7393-0
1001 Bishop Street, Suite 1555
Honolulu, Hawaii 96813
Telephone No. (808) 792-3888
Fax No. (808) 521-5262

Email:   ayamato@silawgroup.com
         max@kimurahawaii.com

Attorneys for Plaintiffs
LAI YING TSANG and SCOTT JEFFERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAI YING TSANG; SCOTT JEFFERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>PORTER MCGUIRE KIAKONA, LLP; ASSOCIATION OF APARTMENT OWNERS OF THE PACIFIC ISLANDER,<br><br>Defendants. | Case No. 1:23-CV-00333-MWJS-KJM<br><br>PLAINTIFFS LAI YING TSANG AND SCOTT JEFFERSON'S MEMORANDUM IN OPPOSITION TO DEFENDANT PORTER MCGUIRE KIAKONA, LLP'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT [ECF 1] AND FOR ATTORNEYS' FEES;<br><br>[*caption continued on next page*]<br><br>Date:<br>Time:<br>Trial Date:   January 14, 2025<br>Judge:  Hon. Micah W.J. Smith |

DECLARATION OF LAI YING TSANG; DECLARATION OF SCOTT JEFFERSON; DECLARATION OF MAX J. KIMURA; EXHIBITS "1"-"3"; CERTIFICATE OF COMPLIANCE; AND CERTIFICATE OF SERVICE

## TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND....................................................................................2

    A. KADDY IS AN IMMIGRANT FROM HONG KONG ...........................................3

    B. KADDY'S UNDERSTANDING AND INTENTION ..............................................3

    C. SCOTT UNSUCCESSFULLY ATTEMPTS TO PAY THE AOAO FEES.................4

    D. DEFENDANT MCGUIRE'S UNFAIR AND DECEPTIVE
       COLLECTION PRACTICES ...........................................................................4

    E. PRIOR ATTORNEYS ORCHESTRATE PLAINTIFFS' LAWSUIT ..........................6

III. ARGUMENT ........................................................................................................7

    A. KADDY IS A CONSUMER............................................................................7

    B. KADDY'S DEBT AROSE OUT OF A TRANSACTION FOR
       PERSONAL PURPOSES .................................................................................7

    C. PLAINTIFFS ARE NOT RESPONSIBLE FOR PRIOR ATTORNEYS'
       MISCONDUCT OR MIS-DRAFTED PLEADINGS .............................................9

    D. PLAINTIFFS' EMOTIONAL DISTRESS ARISE FROM DEFENDANT'S
       ABUSIVE COLLECTION OF ATTORNEYS' FEES ...........................................10

IV. CONCLUSION....................................................................................................11

## TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC,*
　689 F.3d 290, 294 (6th Cir. 2012) ........................................................................7

*Glawe v. Carpenter, Hazlewood, Delgado & Bolen PLC*,
　859 F. App'x 102, 103-4 (9th Cir. 2021) ..............................................................8

*Christian v. Mattel, Inc. 286* F. 3d 1118, 1127 (9th Cir. 2002) .................................9

## OTHER AUTHORITIES

15 U.S.C. § 1692a ......................................................................................................7

Fed. R. Civ. P. 11 ......................................................................................................9

## PLAINTIFFS LAI YING TSANG AND SCOTT JEFFERSON'S MEMORANDUM IN OPPOSITION TO DEFENDANT PORTER MCGUIRE KIAKONA, LLP'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT [ECF 1] AND FOR ATTORNEYS' FEES

Plaintiffs Lai Ying Tsang and Scott Jefferson ("Plaintiffs"), by and through Sakai Iwanaga Sutton Law Group, AAL, LLLC, respectfully submit their memorandum in opposition to Defendant Porter McGuire Kiakona, LLP's ("Defendant's") motion for summary judgment and for attorneys' fees, filed on August 19, 2024.

**I.      INTRODUCTION**

This case arises from a condo and debt collection, law firm using abusive, deceptive, and harassing methods to collect their own attorneys' fees from out-of-state apartment owners.  Plaintiffs Lai Ying ("Kaddy") Tsang and Scott Jefferson ("Scott"), a married couple living in New York City, were advised by their prior attorneys—Richard L. Holcomb, Bruce F. Sherman, and Terrence M. Revere (collectively "prior attorneys")—that they had a "juicy" case against debt collectors—Defendant Porter McGuire Kiakona, LLP—who had a reputation of predatory billing, and that Plaintiffs would be doing Hawaii a great service by filing suit.  Relying on the advice and direction of their prior attorneys, Plaintiffs, who have never been involved in litigation, agreed to be Plaintiffs in a civil action against Defendant.  Prior attorneys, not Plaintiffs, chose to file suit in federal court

and prior attorneys drafted and filed the Complaint with allegations that Defendant violated the Fair Debt Collection Practices Act (FDCPA), committed unfair and deceptive acts or practices, breached the duty of good faith and fair dealing, and caused intentional infliction of emotional distress.

Presently, Defendant moved for summary judgment on Plaintiffs' Complaint and for sanctions asserting that Plaintiffs' suit is frivolous. Defendant's motion should be denied, and a jury trial should be held on the merits because A) **Kaddy is a consumer whose debt arose out of a personal transaction**; B) **Plaintiffs are not responsible for prior counsel's misconduct or mis-drafted pleadings**; and C) **Plaintiffs' emotional distress arises,** not only from Defendant's apparently scam foreclosure action, but also **from Defendant charging arbitrary and capricious attorneys' fees**.

## II.     FACTUAL BACKGROUND

### A.     Kaddy Is An Immigrant From Hong Kong

Kaddy Tsang was born, raised, and educated in Hong Kong. *Declaration of Lai Ying "Kaddy" Tsang at* ¶ 2. In 2004, at the age of 40, Kaddy started working for a Hong Kong jewelry company which sent me to work in New York. *Id*. at ¶ 3. She would spend months at a time in New York and this was her first experience living outside of Hong Kong. *Id*.

In 2007, she met Scott Jefferson, a swimming instructor, in New York City and two years later, the couple got married. *Id.* at ¶ 4.

Kaddy rented a small apartment in Brooklyn and Scott owned a tiny studio apartment, less than 15 feet by 15 feet, in New York City. Id. at ¶ 5. The couple would go back and forth between the two residences.

In 2015, Scott bought a tiny Waikiki studio apartment in Kuhio Village. *Id*. at ¶ 6. It is approximately the same size as Scott's New York City apartment. Scott and Kaddy together have stayed in the Kuhio Village apartment many times, but it is basically a hotel room, and the neighbors were tourists. Accordingly, the couple was interested in someplace quieter with more stable neighbors. *Id*. at ¶ 7.

B.   **Kaddy's Understanding and Intention**

In 2019, Scott retired from his job as a swimming instructor and Kaddy knew that Scott really wanted to move to Hawaii. *Id*. at ¶8. He found a place in the Pacific Islander, Waikiki (the "Apartment"), which was slightly bigger than the Kuhio Village Apartment and was for long-term residents only. Scott showed Keddy pictures of the Apartment, and she thought it looked good. *Id*. at ¶ 9. In July 2019, Scott went ahead with bought the Apartment in Kaddy's name and paid for the approximately **$130,000** purchase price with money drawn from

3

Kaddy's Chase bank account. *Id*. at ¶ 10. *True and correct copies of Kaddy's Bank Statements for June and July 2019 are attached as* **Exhibit 1**.

        **C.**      **Scott Unsuccessful Attempts To Pay The AOAO Fees**

After the purchase, Scott telephoned and emailed his own property managers in Hawaii, his realtor, the Pacific Islander and its property manager (Hawaiiana Management Co.) to find out where to send the maintenance fee payments, but none led him to the right person or place. *Declaration of Scott Jefferson*, at ¶ 2. Scott always pays his bills on time and has a high credit score, but he could not find who to pay the maintenance fee. *Id*. at ¶ 3. Scott believed the AOAO of the Pacific Islander could easily find him and Kaddy since Kaddy's address was written on the Final Settlement Statement and Deed. *Id*. at ¶ 4. *True and correct copies of the Final Settlement Statement and Deed are attached as* **Exhibits 2 and 3**, *respectively*. Oddly, the Deed states that Kaddy is "unmarried" which was not due to anything Kaddy or Scott said or did. *Id*. at ¶ 5.

        **D.**      **Defendant McGuire's Unfair and Deceptive Collection Practices**

Starting in November 2019, the AOAO of the Pacific Islander's attorney, Ramona Laree McGuire ("McGuire") of the law firm Porter McGuire Kiakona, LLP, began deceptive, abusive, and harassing methods in the collection of the maintenance fee. McGuire sent collection letters and notice of lien letters to Kaddy at an erroneous address in Diamond Bar, California. *Id*. at ¶ 7. Looking at

4

the Deed, apparently McGuire was sending her letters and notices to the sellers of the Apartment, who lived in Diamond Bar, and not the buyer, Kaddy in New York. This was a **gross mistake** by a collection law firm, especially concerning an important matter like a real property lien. Moreover, when it came time, in October 2022, to serve Kaddy the complaint for foreclosure, McGuire had Kaddy's correct address in New York, but still served it on an unknown male with an accent. *Id*. at ¶ 8. *A true and correct copy of the Affidavit of Service is attached as **Exhibit 4***. Accordingly, Kaddy and Scott never received word about the foreclosure action.

It was finally, in February 2023, that Kaddy and Scott received notification from the State District Court about the foreclosure action and Scott telephoned McGuire. *Id*. at ¶ 9. After finding out the amount owed, Scott immediately mailed a check to McGuire to pay the past maintenance fees and cable fees, but not McGuire's fee of **$7,264.90** which appeared quite high. Scott wanted to discuss McGuire's fee. *Id*. at ¶ 10. However, the past due maintenance fee issue was resolved. A week later, Scott mailed another check, this time for McGuire's fees in the amount of **$4,500**, and wrote the words "**Accord & Satisfaction – Paid in Full**." *Id*. at ¶ 11. McGuire cashed the check, which should have ended the dispute over McGuire's fees.

5

Instead, McGuire billed the AOAO and Plaintiffs for cashing the $4,500 check, sent another letter demanding **$13,644.31** for her attorneys' fees, and then a month later, sent another letter demanding **$23,402.52** for her attorneys' fees. *Id*. at ¶ 12. Understandably, Scott believed that he was being harassed and abused by McGuire, who held his Apartment captive in a foreclosure lawsuit to extract aggressive, exorbitant, arbitrary and capricious legal fees.

### E. Prior Attorneys Orchestrate Plaintiffs' Lawsuit

Scott's inquiries into finding a lawyer to deal with McGuire, unfortunately, led him to Richard L. Holcomb, Bruce F. Sherman, and Terrance M. Revere ("prior attorneys"). Holcomb and his colleagues thought Scott had a "juicy" case against McGuire, who had a reputation of being a "predatory" attorney and that Scott "would be doing the State of Hawaii a great service" by filing suit. *Id*. at ¶ 15. Ironically, Scott's experience with Holcomb would be worse than dealing with McGuire. From the start, his agreement with Holcomb had Scott pay a considerable retainer, allowed Holcomb to make automatic monthly debit withdrawals from Scott's bank account, and subjected Scott to considerably more fees if he ever fired Holcomb or withdrew his case. *Id*. at ¶ 16. As things progressed, Scott eventually became more afraid of Holcomb than McGuire. *Id*. at ¶ 17.

Moreover, the prior attorneys orchestrated the lawsuit against McGuire, choosing the forum and claims. Kaddy and Scott are not sophisticated enough to make those decisions and were completely reliant upon their prior attorneys. *Id.* at ¶ 18.

## III. ARGUMENT

### A. Kaddy Is A Consumer

The FDCPA defines consumer as "any natural person obligated or allegedly obligated to pay any debt." *15 U.S.C. § 1692a(3).* The AOAO of the Pacific Islander's alleged Kaddy, a natural person, owed it a debt of past due maintenance fees and its attorneys' fees and costs. Defendant McGuire attempted to collect the alleged debt from Kaddy. Accordingly, Kaddy is a consumer under the Fair Debt Collection Practices Act ("FDCPA").

### B. Kaddy's Debt Arose Out of a Transaction for Personal Purposes

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, … which are the subject of the transaction are primarily for personal, family, or household purposes." *15 U.S.C. 1692a(5).* In order to determine whether the condominium assessment falls within this statutory definition, a court must examine "the purposes that the [owner] had for purchasing the [unit] . . . at the time of the transaction." *Haddad v. Alexander, Zelmanski, Danner & Fioritto,*

7

*PLLC*, 698 F. 3d 290, 294 (6th Cir. 2012). If the condominium owner originally bought the unit for personal, family, or household purposes, then a subsequent assessment by the condominium association is a "debt" for purposes of the FDCPA. *Id*.

It does not matter whether the Apartment was used as a rental property after the purchase. Instead, "the transaction at issue is the purchase of the . . . [p]roperty itself." *Glawe v. Carpenter, Hazlewood, Delgado & Bolen PLC*, 859 F. App'x 102, 103-4 (9th Cir. 2021) (citing 15 U.S.C. § 1692a(5)). In *Glawe* the Ninth Circuit reversed summary judgment entered against the Plaintiffs where the Plaintiffs lived in Iowa, purchased a condominium in Arizona "intending to use it as a retirement home in ten to twelve years," but later decided to use the condominium as a rental property. *Id*. at 103.

Kaddy purchased the Pacific Islander Apartment under her name, with funds from her bank account, and at the time of purchase, Kaddy's understanding and intent was that they or her husband alone was going to stay or live in the apartment in the future. Kaddy knew Scott really wanted to move to Hawaii and, at around the time of purchase, he recently retired and had that option. After all, it was larger than Scott's Kuhio Village Apartment, which the couple stayed at on their visits to Hawaii. Kaddy believed Scott alone or together would live in the

Apartment sooner or later. Accordingly, for Kaddy the purchase of the Apartment was for personal, family, or household purposes.

### C. Plaintiffs Are Not Responsible for Prior Attorneys' Misconduct Or Mis-drafted Pleadings

Plaintiffs' prior attorneys are responsible for making certain that claims are not frivolous. Rule 11 of the Federal Rules of Civil Procedure imposes upon attorneys a duty to certify that they have read any pleadings or motions they file with court and that such pleadings and motions are well-grounded in fact and have a colorable basis in law. *Fed. R. Civ. Proc. 11(a) and (b)*. In determining whether to impose sanctions for a violation of Rule 11, courts consider (1) whether the filing at issue is legally or factually baseless from an objective perspective and (2) if the lawyer conducted a "reasonable and competent inquiry" before signing and filing it. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (citations omitted).

The burden and responsibility for reasonable and competent inquiry is placed on the attorneys not their clients. It would be a gross miscarriage of justice to hold clients, who are not experienced and trained in legal matters and unfamiliar with legal concepts and theories, accountable for Rule 11 sanctions and not their attorneys. Here, Kaddy and Scott wholeheartedly relied on prior attorneys and followed their advice and counsel. If there are any shortcomings in the pleadings up until the time prior attorneys withdrew from this case, the responsibility and

9

fault lie with prior attorneys. Accordingly, if any sanctions should be imposed for the content of pleadings falling short of having been subject to reasonable and competent inquiry, they should be levied against prior attorneys, not Plaintiffs.

### D. Plaintiffs' Emotional Distress Arise from Defendant's Abusive Collection of Attorneys' Fees

Plaintiffs' emotional distress arises not only from Defendant's apparent sham foreclosure action (i.e. not sending invoices and notice of liens to Plaintiff's correct address and then filing a foreclosure action and serving it at Plaintiff's correct address, but to an unknown person), but also Defendant's exorbitant and fraudulent billing practices. The reason why we are in Federal Court is because of the dispute over Defendant's attorneys' fees not because of foreclosure action which was filed in State District Court. It is Defendant's predatory collection of its attorneys' fees that is the problem.

The purpose of the FDCPA is to prevent unfair, deceptive, and abusive debt collection practices. McGuire's conduct of billing exorbitant attorneys' fees to Kaddy and Scott, whose apartment was under threat of foreclosure, was **abusive**. Moreover, initiating foreclosure proceedings without minimal care to ensure the notice of lien, the complaint, and other critical legal documents were properly served upon Kaddy at her correct address was **deceptive**. Moreover, McGuire's rapid escalation of her attorneys' fees from **$7,000** to

**$14,000**, and then to **$23,000** in a matter of weeks was arbitrary, capricious, and **harassing**, which would be a violation of the FDCPA, among other laws.

Furthermore, **the law supports accord and satisfaction**. When Scott received McGuire's initial demand to pay approximately $7,000 in attorneys' fees and costs, he expressed his concerns to McGuire about the overly high price and, a week later, mailed McGuire a check for **$4,500** with the words "Accord & Satisfaction – Paid in Full." McGuire cashed the check and thereby ending, Defendant's claims for attorneys' fees and costs. Instead, in the days and weeks that followed, McGuire sent additional claim letters which dramatically doubled, then tripled the amount of attorneys' fees and costs to be paid by Plaintiffs. Defendant's abusive, deceptive, and harassing pursuit of its attorneys' fees from Plaintiffs caused them to suffer emotional distress.

### IV.   CONCLUSION

For the above stated reasons, Defendant's motion for summary judgment and for attorneys' fees should be denied.

Dated: Honolulu, Hawaii, October 25, 2024.

                                             */s/ Max Kimura*
                                             WAYNE M. SAKAI
                                             MAX J. KIMURA
                                             Attorneys for Plaintiffs
                                             LAI YING TSANG and SCOTT
                                             JEFFERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAI YING TSANG; SCOTT JEFFERSON,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>PORTER MCGUIRE KIAKONA, LLP; ASSOCIATION OF APARTMENT OWNERS OF THE PACIFIC ISLANDER,<br><br>　　　　　　Defendants. | Case No. 1:23-CV-00333-MWJS-KJM<br><br>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5 |

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5**

The undersigned hereby certifies that the foregoing memorandum filed on behalf of Plaintiffs Lai Ying Tsang and Scott Jefferson is formatted with Times New Roman 14-point font using Microsoft Word and that based on the word count feature of that program the memorandum, including headings, footnotes, and quotations, contains approximately 2,400 words, exclusive of Court caption, table of contents, table of authorities, and certificate of service.

Dated: Honolulu, Hawaii, October 25, 2024.

　　　　　　　　　　　　　　　　*/s/ Max J. Kimura*
　　　　　　　　　　　　　　　WAYNE M. SAKAI
　　　　　　　　　　　　　　　MAX J. KIMURA

　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　LAI YING TSANG and SCOTT
　　　　　　　　　　　　　　　JEFFERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAI YING TSANG; SCOTT JEFFERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>PORTER MCGUIRE KIAKONA, LLP; ASSOCIATION OF APARTMENT OWNERS OF THE PACIFIC ISLANDER,<br><br>Defendants. | Case No. 1:23-CV-00333-MWJS-KJM<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25, 2024, copies of the foregoing document and Declarations of Scott Jefferson and Max J. Kimura and Exhibit "1" were duly served on the parties of record by using the Court's CM/ECF system to:

**CALVIN E. YOUNG, ESQ.**
**DAVID J. HOFTIEZER, ESQ.**
**STEVEN T. WALL, ESQ.**
999 Bishop Street, Suite. 1600
Honolulu, HI 96813

Attorneys for Defendant
PORTER MCGUIRE KIAKONA, LLP

Dated:  Honolulu, Hawaii, October 25, 2024.

      */s/ Max J. Kimura*
WAYNE M. SAKAI
MAX J. KIMURA

Attorneys for Plaintiffs LAI YING TSANG and SCOTT JEFFERSON