IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUREEN NOLAN,<br><br>  Plaintiffs,<br><br>vs.<br><br>PORTER MCGUIRE KIAKONA, LLP,<br><br>  Defendants. | CASE NO. 1:23-CV-00271-DKW-WRP<br><br>**DECLARATION OF STEVEN T. WALL**; EXHIBIT J |

### **DECLARATION OF STEVEN T. WALL**

I, STEVEN T. WALL, hereby declare as follows:

1. I am an attorney, duly licensed to practice law in the State of Hawai'i and in the United States District Court for the District of Hawai'i.

2. I am an associate attorney of the law firm of GOODSILL ANDERSON QUINN & STIFEL, LLP ("Goodsill" or "my firm").

3. I am currently representing Defendant PORTER MCGUIRE KIAKONA, LLP ("PMK") in the above-entitled matter.

4. I have personal knowledge of the statements made in this Declaration, and I am competent to testify regarding these statements.

5. All of the facts stated herein are true and correct and within my personal knowledge, except for matters stated to be true on information and belief,

1

and as to those matters, I believe them to be true. If called and sworn I could and would testify to the truth thereof.

      6.    I am licensed to practice law in Hawaiʻi and California.

      7.    In total, I have been practicing law as a licensed attorney in the United States for over 7 years.

      8.    I originally started practicing law in 2017, while clerking for the Honorable Dean Ochiai in the Circuit Court of the First Circuit, State of Hawaii.

      9.    In 2018, I began working as an associate attorney at the law firm, Chong Nishimoto Sia Nakamura & Goya, primarily litigating medical malpractice and personal injury cases.

      10.    In 2021, I moved to Lung Rose Voss & Wagnild, where I worked as an associate attorney primarily litigating cases involving construction defects, business disputes, condominium association disputes, and discrimination/employment claims.

      11.    I am an active member in good standing with the bar of the State of Hawaii, and I am licensed to practice before this Court and have been so licensed since 2018.

      12.    As the primary associate attorney handling this matter, I have been actively involved in all matters involving this case, including drafting, analyzing, and conducting discovery, preparing for and taking the depositions of

both Plaintiffs, researching and drafting the Motion that resulted in these fees, and preparing for Ms. Tsang's second deposition.

13. My rate of $280 per hour is eminently reasonable in light of my experience.

14. My $280 hourly rate in this case reflects a discount from my standard hourly rate.

15. Attached hereto as Exhibit J is a true and correct copy of the accounting of all of my fees related to the events in Order being sought by my firm, which were produced by my law firm, and which include tables that account for individual billing entries, which are true and accurate to the best of my knowledge.

16. Exhibit J is a true and correct copy of the time entries that detail the time entered by me in connection with the categories identified by the Order for which PMK submits the instant declaration for, and includes the descriptions of work performed by me in this matter, fully itemized time entries, and the time spent on various necessary tasks, relating to the hours stated.

17. The following is a compilation of my billing associated with Ms. Tsang's first deposition:

| Date | TKPR Name | Base Amt | Billed Amt | Bs Hrs | Narrative |
|---|---|---|---|---|---|
| 7/10/2024 | Wall, Steven T. | $280.00 | $56.00 | 0.2 | Correspond with Plaintiffs' counsel re: deposition of Plaintiffs. |

3

| 8/5/2024 | Wall, Steven T. | $280.00 | $56.00 | 0.2 | Correspond with opposing counsel re: deposition notices re: Plaintiffs and L. McGuire. |
|---|---|---|---|---|---|
| 8/5/2024 | Wall, Steven T. | $280.00 | $336.00 | 1.2 | Analyze discovery re: preparation for depositions of Plaintiffs and identification of potential exhibits re: the same. |
| 8/6/2024 | Wall, Steven T. | $280.00 | $140.00 | 0.5 | Strategize re: depositions of Plaintiffs' and additional discovery in anticipation of the same. |
| 8/12/2024 | Wall, Steven T. | $280.00 | $1,288.00 | 4.6 | Analyze documents produced by Plaintiffs in response to second request for production of documents. |
| 8/14/2024 | Wall, Steven T. | $280.00 | $168.00 | 0.6 | Evaluate deposition of Scott Jefferson, and strategize re: deposition of Plaintiff Lai Ying Tsang. |
| 8/15/2024 | Wall, Steven T. | $280.00 | $280.00 | 1 | Research marriage of Lai Ying Tsang re: signature as a single individual on the deed. |
| 8/15/2024 | Wall, Steven T. | $280.00 | $392.00 | 1.4 | Analyze records re: identification of exhibits for deposition of Lai Ying Tsang. |
| 8/15/2024 | Wall, Steven T. | $280.00 | $140.00 | 0.5 | Analyze Scott Jefferson's response to Second RPOD and supplemental production of documents. |
| 8/15/2024 | Wall, Steven T. | $280.00 | $756.00 | 2.7 | Prepare for deposition of Lai Ying Tsang. |
| 8/15/2024 | Wall, Steven T. | $280.00 | $224.00 | 0.8 | Strategize re: Lai Ying Tsang's deposition and facts needed for summary judgment motions as to all Plaintiff's claims. |

| 8/16/2024 | Wall, Steven T. | $280.00 | $700.00 | 2.5 | Prepare for deposition of Plaintiff Lai Ying Tsang |
| 8/16/2024 | Wall, Steven T. | $280.00 | $1,568.00 | 5.6 | Depose Plaintiff Lai Ying Tsang. |
| | **Subtotal** | | **$6,104.00** | **21.8** | |

18. The time spent revising deposition notices and corresponding with Plaintiffs' counsel in advance of Ms. Tsang's initial deposition were necessitated to accommodate both Plaintiffs' schedules as well as the schedules of all of the attorneys involved in this case, at that time.

19. Further, given that Plaintiffs and multiple third-parties, including Plaintiffs' real estate agent and two property managers, continued to produce documents up to the eve of Ms. Tsang's deposition, it was necessary for me to analyze all such documents produced to prepare for Ms. Tsang's initial deposition.

20. Furthermore, the time indicated for Ms. Tsang's deposition includes the total time spent in Ms. Tsang's deposition, including breaks, because I used all of the breaks to evaluate Ms. Tsang's statements and prepare for additional questioning, as well as analyze documents for use during the deposition. The substantial deposition time was also necessitated by: (i) the critical nature of Ms. Tsang's testimony to the issues in the case, given that Ms. Tsang is the only

Plaintiff holding title to the subject Unit; (ii) suspicions that Ms. Tsang was being improperly coached by her husband, Mr. Jefferson, during the course of the deposition (which were confirmed); and (iii) Ms. Tsang's evasive answers and observed perjury during the deposition.

21. The total attorneys' fees billed by me in connection with Ms. Tsang's first deposition, excluding GET taxes, is: $6,104.00 and was calculated by taking the number of hours actually worked by me and multiplying those hours by my corresponding billing rate.

22. Such time was reasonably expended under the circumstances.

23. With respect to preparing, filing, and arguing PMK's First Motion to Amend Rule 16 Scheduling Order and For Discovery Sanctions [ECF 85] ("PMK's Motion"), the total attorneys' fees, excluding GET, that I billed totaled $7,084.00, as reflected in the table below:

| Date | TKPR Name | Base Amt | Billed Amt | Bs Hrs | Narrative |
|---|---|---|---|---|---|
| 8/16/2024 | Wall, Steven T. | $280.00 | $224.00 | 0.8 | Analyze deposition of Plaintiff Lai Ying Tsang re: arguments for Motion for Summary Judgment. |
| 8/18/2024 | Wall, Steven T. | $280.00 | $840.00 | 3 | Analyze deposition transcript of Plaintiff Scott Jefferson re: arguments for motion for summary judgment. |
| 8/19/2024 | Wall, Steven T. | $280.00 | $1,036.00 | 3.7 | Analyze transcript of deposition of Scott |

| Date | Name | Rate | Amount | Hours | Description |
|---|---|---|---|---|---|
| | | | | | Jefferson re: Motion for Summary Judgment. |
| 8/20/2024 | Wall, Steven T. | $280.00 | $700.00 | 2.5 | Analyze Plaintiff's Motion for Summary Judgment. |
| 8/21/2024 | Wall, Steven T. | $280.00 | $56.00 | 0.2 | Correspond with Court reporter re: audio recording of Tsang's deposition. |
| 8/21/2024 | Wall, Steven T. | $280.00 | $112.00 | 0.4 | Analyze Court Reporter's response re: refusal to produce un-altered copy of audio-recording of Tsang's Deposition. |
| 8/22/2024 | Wall, Steven T. | $280.00 | $112.00 | 0.4 | Analyze Plaintiffs' counsel's withdrawal of motion for summary judgment. |
| 8/22/2024 | Wall, Steven T. | $280.00 | $140.00 | 0.5 | Strategize re: Reply in support of motion for summary judgment and potential motion for sanctions re: Plaintiffs' conduct during Tsang's deposition. |
| 8/22/2024 | Wall, Steven T. | $280.00 | $112.00 | 0.4 | Meet and confer with Plaintiff's counsel re: Plaintiffs' counsel's motion to withdraw as counsel, and PMK's anticipated motion for discovery sanctions, and related request to shorten time for hearing on both. |
| 8/22/2024 | Wall, Steven T. | $280.00 | $224.00 | 0.8 | Strategize re: motion for sanctions re: Plaintiffs' conduct during Tsang's deposition. |
| 8/22/2024 | Wall, Steven T. | $280.00 | $224.00 | 0.8 | Analyze Plaintiff's supplemental production of documents. |

7

| 8/22/2024 | Wall, Steven T. | $280.00 | $308.00 | 1.1 | Draft motion for leave to file motion for sanctions against Plaintiffs' re: conduct during Tsang's deposition, and related motion for sanctions. |
|---|---|---|---|---|---|
| 10/2/2024 | Wall, Steven T. | $280.00 | $140.00 | 0.50 | Analyze executive order from court re: Plaintiff's opposition to motion for sanctions and evaluate opposition arguments re: statements from Plaintiff's new attorneys in support. |
| 10/2/2024 | Wall, Steven T. | $280.00 | $140.00 | 0.50 | Analyze audio recording of hearing re: settlement conference statement. |
| 10/4/2024 | Wall, Steven T. | $280.00 | $280.00 | 1.00 | Analyze Plaintiff's Memorandum in Opposition to PMK's Motion to Amend Scheduling Order and for Discovery Sanctions. |
| 10/4/2024 | Wall, Steven T. | $280.00 | $168.00 | 0.60 | Analyze audio recording of hearing on Plaintiff's Motion to withdraw as counsel re: Tsang's ability to speak and understand English. |
| 10/7/2024 | Wall, Steven T. | $280.00 | $644.00 | 2.30 | Revise Reply Memorandum re: Motion to Modify Rule 16 Scheduling Order and for Sanctions. |
| 10/9/2024 | Wall, Steven T. | $280.00 | $504.00 | 1.80 | Second-chair oral argument re: Motion for Discovery Sanctions, to provide details re: Plaintiff's perjury and other observed actions during Tsang's Deposition, which were the subject of |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | my declaration submitted to the Court with the motion. |
| 11/27/2024 | Wall, Steven T. | $280.00 | $1,120.00 | 4.0 | Draft Supplemental Declaration in support of sanctions awarded by Court. |
| | **Subtotal** | | **$7,084.00** | **25.30** | |

24. I personally drafted, edited, and submitted the billing entries in the above table and found them to be reasonable.

25. Such time was reasonably necessitated given that the deadline for discovery motions had already passed, and therefore, PMK needed to file a motion seeking leave to modify the Rule 16 Scheduling Order as well as seeking discovery sanctions.

26. Further, the time spent is reasonable given the complexity of the situation, which involved not only an evaluation of Ms. Tsang's conduct during her initial deposition, but an evaluation of all discovery, Mr. Jefferson's prior testimony, as well as Plaintiffs' own Motion for Summary Judgment, which was filed with declarations from each Plaintiff that were contradicted by each Plaintiffs' deposition testimony and documents obtained during discovery.

27. The time I spent corresponding with the Court Reporter for Ms. Tsang's first deposition was necessary to prepare for PMK's Motion, because Ms. Tsang's deposition was not officially recorded via video—however, the Court

Reporter did record the audio of the deposition to assist with preparing the transcript. My discussions with the Court Reporter were necessary to both confirm the existence of the recording, which I understand recorded the Plaintiffs speaking with each other during a break and Mr. Holcomb instructing both Plaintiffs to mute their microphone, as well as confirm that the Court Reporter would preserve the recording until the case had officially resolved. While the Court Reporter refused to produce the copy of the recording in response to our informal request, the Court Reporter confirmed that the recording could be obtained via subpoena from the Court. Given the nature of Plaintiffs' conduct and perjury during the deposition, such time is reasonably expended in an attempt to obtain additional materials for the Court to consider on PMK's Motion.

28. Further, my time spent analyzing the audio recording of the hearing regarding Plaintiffs' Prior Attorneys' Motion to Withdraw, although noted to be related to preparing for the settlement conference, was also reasonably expended to assist with arguing PMK's Motion, because the audio recording contained express statements from each Plaintiff to the Court about the facts of the case, including admissions by Mr. Jefferson directly stating that the Unit was purchased as an investment.

29. Such analysis was imperative to bring Plaintiffs' gamesmanship throughout this case before the court.

30. My time spent drafting the motion was also reasonable given the complexity of the facts. The factual analysis of the documents in the record were so thorough as to be akin to a motion for summary judgment—as the motion sought to demonstrate to the court that the Plaintiffs' own testimony was contradicted by the documents and other information obtained during discovery.

31. My billing as second-chair for the Motion was also reasonable and necessary because I was the attorney taking Ms. Tsang's deposition, and I provided a declaration attesting to Plaintiffs' conduct and potential perjury. My presence was absolutely necessary in the event the Court had any questions about what I observed, and what I understood transpired during Ms. Tsang's deposition.

32. With respect to re-deposing Ms. Tsang, the following table accurately outlines the total attorneys' fees expended by me with respect to such deposition:

| Date | TKPR Name | Rate | Billed Amt | Bs Hrs | Narrative |
|---|---|---|---|---|---|
| 10/22/2024 | Wall, Steven T. | $280.00 | $140.00 | 0.5 | Analyze order granting-in-part and denying-in-part motion for sanctions. |
| 10/22/2024 | Wall, Steven T. | $280.00 | $140.00 | 0.5 | Analyze additional issues for subsequent deposition of Tsang pursuant to court order. |
| 10/25/2024 | Wall, Steven T. | $280.00 | $280.00 | 1 | Evaluate Tsang's deposition transcript and strategize re: topics and questions to revisit during court-ordered |

11

|  |  |
|---|---|
|  | follow-up deposition of Tsang. |
| **Subtotal** | **$560.00** |

33. My time was necessary to help Mr. Hoftiezer prepare for the deposition, which included analyzing whether there were any limits on the scope of the deposition or other parameters set by the Court and identifying exhibits and issues for the deposition.

34. The total attorneys' fees billed by me in connection with deposing Ms. Tsang on August 16, 2024, filing, preparing for, and arguing PMK's Motion, and re-deposing Ms. Tsang was calculated by taking the number of hours actually worked by me and multiplying those hours by my corresponding billing rate.

35. The various tables in Exhibit J accurately identify the various billing entries with their descriptions, and itemize such entries by me as well.

36. PMK's attorneys' fees identified herein and on Exhibit J are reasonable, and PMK's attorneys charged reasonable rates. *See Sharp v. Hui Wahine Inc.*, 49 Haw. 241, 413 P.2d 242 (1966).

37. As provided in *Sharp*, the issue of reasonableness of attorneys' fees is focused on the hours expended and on the hourly rate charged by the attorneys performing the work. *Id.*

38. The Hawai'i Supreme Court in *Sharp* adopted the American Bar Association's Cannon of Professional Ethics as a guideline for determining the reasonableness of attorneys' fees. Specifically:

> In determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill required to properly conduct the case; (2) whether to acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) a contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client. No one of these considerations in itself is controlling. They are mere guides in ascertaining the real value of the service.

*Id.* 413 P.2d at 245.

39. The time entries were kept in the course of a regularly conducted activity of my law firm, Goodsill – creating our clients' bills – with whom I am an associate attorney.

40. Making, recording, and maintaining the fee entries appended as Exhibit J is a regular practice of creating Goodsill's client bills.

13

41. The rates for me are reasonable with regard to the events described in the Order. The hourly rates for myself with respect to this matter are as follows:

| Category | Timekeeper | Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| (1) Reasonable attorneys' fees and costs associated with deposing Ms. Tsang on August 16, 2024 | Steven T. Wall (Associate) | $280.00 | 21.8 | $6,104.00 |
| (2) Reasonable attorneys' fees and costs incurred related to filing, preparing for, and arguing PMK's First Motion to Amend Rule 16 Scheduling Order and For Discovery Sanctions [ECF 85] | Steven T. Wall (Associate) | $280.00 | 25.3 | $7,084.00 |
| (3) All reasonable attorneys' fees and costs associated with re-deposing Ms. Tsang | Steven T. Wall (Associate) | $280.00 | 2 | $560.00 |
| **Total** | | | | **$13,748.00** |

42. The rates charged by my firm and I are comparable, in my experience, to the rates customarily charged for this type of matter by other firms in this state.

43. The rates charged in this case are lower than my

44.     In my professional judgment, the fees incurred by PMK as set forth in this Declaration and shown in the attached Exhibit J were reasonably and necessarily incurred in this case

I declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief.

DATED:  Honolulu, Hawaiʻi, November 29, 2024.

*/s/ Steven T. Wall*
STEVEN T. WALL