IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LAI YING TSANG and SCOTT JEFFERSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>PORTER McGUIRE KIAKONA, LLP,<br><br>    Defendant. | Case No. 23-00333 MWJS-KJM<br><br>ORDER DENYING PLAINTIFFS' MOTION TO SUPPLEMENT |

### ORDER DENYING PLAINTIFFS' MOTION TO SUPPLEMENT

This suit involves a sordid tale of discovery abuses and litigation misconduct on the one hand, and alleged fair debt collection violations on the other. Plaintiffs Lai Ying Tsang and Scott Jefferson, a married couple who purchased an apartment in Honolulu and then failed to timely pay their maintenance fees, brought suit against Defendant Porter McGuire Kiakona, LLP for violations of the Fair Debt Collection Practices Act (FDCPA) and intentional infliction of emotional distress. Defendant has moved for summary judgment on both fronts. That motion has been fully briefed and set for a hearing before the Court.

Meanwhile, as a sanction for improper interference with and false testimony during Tsang's initial deposition, the Court ordered Tsang to sit for a new deposition. Tsang did so, and Plaintiffs have now filed a motion to supplement their opposition to

Defendant's summary judgment motion with Tsang's new deposition testimony. Defendant objects. For the reasons laid out below, the Court concludes that Plaintiffs have not met their burden to justify reopening the summary judgment briefing at this late stage. And it would be especially unjust to permit Plaintiffs to supplement their opposition with testimony from a deposition that was ordered as a sanction for their own discovery abuses. Accordingly, Plaintiffs' motion to supplement is DENIED.

## BACKGROUND

The Court assumes the reader's familiarity with this case and summarizes the background only to the extent necessary to dispose of Plaintiffs' motion to supplement. That motion arises from Defendant's motion for summary judgment, which was filed on August 19, 2024. ECF No. 73. Summary judgment on the FDCPA claim turns in part on whether Plaintiffs' debt is a "consumer debt" protected by the statute. In other words, the parties dispute whether Plaintiffs purchased their Honolulu apartment primarily for personal, family, or household use, in which case it is covered by FDCPA, or as an investment, in which case it is not. *See* 15 U.S.C. § 1692a(5). That point is hotly contested, and Defendant believes that Plaintiffs have disingenuously changed their position on the underlying facts in an effort to survive summary judgment.

Before Plaintiffs filed an opposition to Defendant's summary judgment motion, their original counsel withdrew from the case. *See* ECF No. 89. Following a short delay, Plaintiffs retained new counsel, who entered appearances on September 30, 2024. ECF

No. 95.  Although Plaintiffs' deadline to file an opposition to the summary judgment motion had already come and gone, the Court permitted Plaintiffs to file an untimely opposition by a new deadline of October 25, 2024.  ECF No. 98.  Plaintiffs did so, and they attached, among other things, a declaration from Tsang as support.  ECF No. 106-1.  The declaration was prepared with the assistance of a Cantonese interpreter, as English is not Tsang's first language.  *Id.*

Defendant had separately moved for discovery sanctions based on misconduct during Tsang's original deposition, taken on August 16, 2024.  ECF No. 85.  At that time, Tsang was represented by prior counsel, and participated remotely without an interpreter.  As summarized in the magistrate judge's October 21, 2024, order on the sanctions motion, Tsang's husband, Jefferson, lied about leaving the room during her remote deposition, and then was observed passing pieces of paper to Tsang to direct her answers to questions.  ECF No. 105, at PageID.2391-92.  And although the parties' attorneys overheard Tsang and Jefferson fighting about the deposition in English—during a break in which Tsang forgot to turn off her microphone—Tsang then denied under oath that any of these events had occurred.  *Id.* at PageID.2392.  As a sanction for Jefferson's improper interference with Tsang's testimony and Tsang's subsequent false testimony about the events, the magistrate judge permitted Defendant to re-depose Tsang.  *Id.* at PageID.2390-2401.

Tsang sat for her new deposition on November 14, 2024. By that time, she had retained new counsel, and a Cantonese interpreter was present. And this time, the tune of Tsang's testimony changed. In Tsang's first deposition, she had testified that it was Jefferson alone, and not her, who purchased the Honolulu apartment. ECF No. 124-21, at PageID.3047-48. But in her second deposition, she testified that she was involved in the purchase of the Honolulu apartment, and that at the time the Plaintiffs purchased it, she understood that they would use the apartment as their own future residence, and would not rent it out. ECF No. 124-22, at PageID.3070, 3073, 3078.

On November 19, 2024, the Court held a status conference to address procedural matters related to the summary judgment motion, which by that time had been fully briefed. As an initial matter, the Court noted that Plaintiffs had not filed a counter-concise statement of facts as required by the district's local rules. *See* LR56.1(e). Because of the interference with Tsang's initial deposition, the Court also asked Defendant whether it sought to supplement its summary judgment motion with Tsang's new deposition testimony. Defendant declined. Plaintiffs, however, took the opportunity to make their own request. Although Plaintiffs had not relied on Tsang's former deposition testimony in their opposition to summary judgment—and although the re-deposition was ordered as a sanction against them for misconduct—Plaintiffs indicated that they intended to file a motion to supplement their opposition with Tsang's new testimony.

4

Plaintiffs filed this motion to supplement on December 6, 2024.  ECF No. 119.  As legal support, Plaintiffs rely on Federal Rule of Civil Procedure (FRCP) 60(b), which sets forth the legal standard for grounds for relief from a court's final judgment or order.  Presumably, Plaintiffs seek relief from the Court's order setting a briefing schedule on the summary judgment motion.  *See* ECF No. 98.

## **DISCUSSION**

Rule 60(b), the rule Plaintiffs rely on as support for reopening the summary judgment briefing schedule, authorizes a court to relieve a party from a final judgment or order on just terms.  FRCP 60(b).  Relief may be granted for, among other things, mistake, inadvertence, surprise, or excusable neglect.  FRCP 60(b)(1).  It may also be granted on account of newly discovered evidence that, with reasonable diligence, could not have been discovered in time.  FRCP 60(b)(2).  Relief on the basis of newly discovered evidence "is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence [is] of such magnitude that production of it earlier would have been likely to change the disposition of the case."  *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (internal quotation marks omitted).

While it is far from obvious that Rule 60(b) is the appropriate standard, it is the only legal basis Plaintiffs offer for their request to reopen the summary judgment

5

briefing schedule.  The Court therefore assesses the motion on those grounds.  And even under their own proffered standard, Plaintiffs' motion falls short.[1]

Plaintiffs contend that surprise and newly discovered evidence—in the form of Tsang's new deposition testimony, which counsel represents that they did not previously understand—warrant relief here.  Plaintiffs emphasize Tsang's alleged language barriers and the failings of prior counsel as the reason for this "new" evidence.  In particular, Plaintiffs argue that Tsang's prior deposition testimony differed from her latter testimony because her first language is not English.  At her initial deposition, Tsang did not have an interpreter and was not communicating directly with prior counsel, and therefore (the argument goes) did not understand much of what was being asked of her.  By contrast, at the re-taken deposition Tsang had the benefit of a Cantonese interpreter and the assistance of new counsel.  For these reasons, Plaintiffs contend that the interests of justice warrant the reopening of the summary judgment briefing so that they can supplement their opposition with Tsang's new testimony.

Even assuming that the assistance of an interpreter is the reason for Tsang's changed testimony—a fact that Defendant contests[2]—these circumstances do not

---

[1]     Plaintiffs' motion might have been brought under Rule 16, which permits the modification of a scheduling order for "good cause."  FRCP 16(b)(4).  Under that standard, too, Plaintiffs' motion falls short for the reasons outlined below.

[2]     Defendant points, among other things, to Jefferson's representation on the record that Plaintiffs purchased the apartment "first as an investment property."  ECF No. 124-16, at PageID.2959.

constitute "newly discovered" evidence within the meaning of Rule 60(b). Evidence is not "newly discovered" if it "was in the moving party's possession" or if it "could have been discovered with reasonable diligence." *Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 212 (9th Cir. 1987). Here, new counsel undoubtedly had access to their own client's recollections. And any language barriers do not change that fact. Indeed, one of Plaintiffs' new attorneys represents that in the first ten minutes of meeting with Tsang he immediately observed that she was "not fully conversant in English," and so he obtained an interpreter to communicate with her. ECF No. 119-2, at PageID.2730-31.

     After obtaining the interpreter, reasonable diligence required Plaintiffs' attorneys to ensure that they fully understood Tsang's factual positions before submitting materials on her behalf. That is especially true because counsel attached a declaration from Tsang as support for their summary judgment opposition. Counsel apparently utilized the services of the Cantonese interpreter to prepare that declaration. *See* ECF No. 106-1, at PageID.2422 (¶ 1) ("The following facts written in English and compris[ing] my Declaration have been interpreted to me by Natalie Tse, Esq., a Cantonese-speaking lawyer, and they accurately state my personal knowledge of the facts and if called as a witness, I could and would testify as to their accuracy."). Counsel's emphasis on Tsang's language barriers does not explain why, with reasonable diligence and the help of an interpreter, they would not have been able to obtain, through an attorney-client interview, the same information that opposing

counsel was able to procure during her second deposition. The fact that current counsel directed Tsang to sign a declaration under oath that did not include the latter testimony shows that either counsel did not exercise reasonable diligence in interviewing Tsang before preparing the declaration on her behalf, or that Tsang changed her testimony in her second deposition for other reasons. In short, counsel could have reasonably "discovered" the facts it now seeks to supplement by interviewing their own client, and they could have submitted those facts in Tsang's declaration before briefing had closed.

Granted, Plaintiffs recently retained new counsel, and so some allowances may be made for reasonable delays during the transition. To that end, the Court permitted Plaintiffs to file an untimely opposition as a courtesy to Plaintiffs' new counsel. But counsel still had nearly a month between making their initial appearances and the new deadline for Plaintiffs' opposition. Counsel should have taken steps to properly understand Tsang's recollections during that time.

At the very least, if counsel was unclear on Tsang's factual recollections, counsel could have timely requested an extension before filing the opposition. They did not do so. Instead, Plaintiffs submitted their opposition—along with Tsang's declaration—and waited for the summary judgment briefing to close. Plaintiffs did not even file a request to supplement their opposition immediately after hearing Tsang's new testimony at her re-deposition. They made the request only after the Court raised the issue in passing at a status conference. And Plaintiffs have offered no good cause for that delay.

Finally, Plaintiffs rejoin that reopening the briefing schedule would not cause a significant further delay of the case because the hearing on Defendant's summary judgment motion has been set for February 12, 2025, which is still over a month away. Defendant points out, however, that Plaintiffs have now had the benefit of reading Defendant's reply brief, and that it would be prejudicial and unfair to permit Plaintiffs another bite at the apple this late in the game.  The Court agrees.  Even more so, it would be patently unjust to reopen briefing to allow Plaintiffs to supplement their opposition using testimony from a re-deposition that was ordered as a sanction against Plaintiffs for misconduct—including false testimony—during Tsang's prior deposition.

For these reasons, Plaintiffs have not met their burden to offer grounds justifying relief from the Court's now-closed briefing schedule.

## **CONCLUSION**

Accordingly, Plaintiffs' motion to supplement their opposition to Defendant's motion for summary judgment, ECF No. 119, is DENIED.

IT IS SO ORDERED.

DATED:  January 3, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 23-00333 MWJS-KJM; *Lai Ying Tsang, et al. v. Porter McGuire Kiakona, LLP*; ORDER DENYING PLAINTIFFS' MOTION TO SUPPLEMENT