IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAI YING TSANG and SCOTT JEFFERSON, | ) ) ) | CIVIL NO. 23-00333 MWJS-KJM |
| Plaintiffs, | ) ) ) ) | ORDER REGARDING AWARD OF EXPENSES PURSUANT TO OCTOBER 21, 2024 ORDER (ECF NO. 105) |
| vs. | ) ) | |
| PORTER MCGUIRE KIAKONA, LLP and ASSOCIATION OF APARTMENT OWNERS OF THE PACIFIC ISLANDER, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER REGARDING AWARD OF EXPENSES
PURSUANT TO OCTOBER 21, 2024 ORDER (ECF NO. 105)

On October 21, 2024, the Court issued an Order Granting In Part and Denying In Part Defendant Porter McGuire Kiakona, LLP's ("Defendant") First Motion to Amend Rule 16 Scheduling Order and for Discovery Sanctions ("Motion for Sanctions") ("10/21/2024 Order").  ECF No. 105.  Therein, the Court ordered Plaintiffs Lai Ying Tsang ("Ms. Tsang") and Scott Jefferson (collectively, "Plaintiffs") to pay monetary sanctions as follows:  (1) 50% of all reasonable attorneys' fees and costs associated with deposing Ms. Tsang on August 16, 2024; (2) 50% of all reasonable attorneys' fees and costs incurred related to filing, preparing for, and arguing the Motion for Sanctions; and (3) all reasonable

attorneys' fees and costs associated with re-deposing Ms. Tsang on November 14, 2024.

On November 29, 2024, Defendant timely filed Supplemental Declarations detailing the fees and costs as ordered in the 10/21/2024 Order.  ECF No. 117.  On December 13, 2024, Plaintiffs timely filed a Response to the Supplemental Declarations.  ECF No. 121.

For the reasons discussed below, the Court ORDERS Plaintiffs to pay the reasonable attorneys' fees and costs as ordered in the 10/21/2024 Order in the amount of $17,485.28.

## DISCUSSION

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal quotation marks omitted).

I.   Ms. Tsang's Deposition on August 16, 2024

   A.   Number of Hours Reasonably Expended

The Court has carefully reviewed the Supplemental Declarations and the time entries described therein related to the attorneys' fees and costs incurred in

deposing Ms. Tsang on August 16, 2024. ECF Nos. 117-1, 117-6, 117-7, 117-11. Defendant requests the following amounts related to Ms. Tsang's deposition: (1) 2.1 hours for David J. Hoftiezer, Esq. ("Mr. Hoftiezer"); and (2) 21.8 hours for Steven T. Wall, Esq. ("Mr. Wall"). ECF No. 117-1 at 7–8 ¶ 30; ECF No. 117-6 at 12–14; ECF No. 117-11 at 3–5 ¶ 17.

Plaintiffs assert various objections to Defendant's time entries. First, Plaintiffs argue that the Supplemental Declarations do not include the best evidence of the attorneys' fees incurred because Defendant does not attach the invoices to reflect the actual amounts billed to Defendant. ECF No. 121 at 3. The Court disagrees. Parties are not required to submit copies of the actual invoices for purposes of deciding a fee award. *See* LR54.2. Defendant's counsel states that "[t]he time entries were kept in the course of a regularly conducted activity of [Defendant's counsel's] law firm, Goodsill Anderson Quinn & Stifel, LLP ["Goodsill"] – creating our clients' bills." ECF No. 117-1 at 24 ¶ 65. In addition, Defendant's counsel states that "[m]aking, recording, and maintaining the fee entries and log of costs/invoices appended as Exhibit E is a regular practice of creating [Goodsill's] client bills." *Id.* at ¶ 67. The Court finds these representations sufficient to ensure the accuracy of Goodsill's time entries detailed in the Supplemental Declarations.

3

Second, Plaintiffs argue that Mr. Hoftiezer and Mr. Wall are insurance defense attorneys who improperly double billed for their attendance at Ms. Tsang's deposition. ECF No. 121 at 4–5. Plaintiffs offer no evidence other than generalized statements to support this argument. The Court acknowledges that insurance companies are generally known to not allow multiple attorneys to bill for attending the same proceeding. The Court is aware, however, that some insurance companies do allow this. The Court thus finds this bare argument unpersuasive.

Mr. Wall billed 5.6 hours for deposing Ms. Tsang on August 16, 2024. ECF No. 117-11 at 5 ¶ 17. Mr. Hoftiezer billed 1.8 hours for attending the second half of the deposition. ECF No. 117-1 at 8 ¶ 30. The Court finds these time entries reasonable and not duplicative. Ms. Tsang is a named plaintiff whose testimony is critical to this litigation. The Court is also persuaded that Plaintiffs' misconduct necessitated another, more senior attorney's presence at the deposition. *See* ECF No. 117-1 at 8–9 ¶ 33.

Third, Plaintiffs argue that some of the requested fees were not awarded in the 10/21/2024 Order. ECF No. 121 at 8. Specifically, Plaintiffs disagree with Mr. Hoftiezer's billing for correspondence on July 18, 2024, and Mr. Wall's billing for analyzing documents produced by Plaintiffs. ECF No. 117-1 at 8 ¶ 30; ECF No. 117-11 at 4 ¶ 17. Upon review of the time entries and Supplemental Declarations, the Court finds that these tasks are relevant to Ms. Tsang's deposition.

4

Based on the foregoing, the Court finds that the time spent by Mr. Hoftiezer and Mr. Wall are reasonable amounts to have expended in deposing Ms. Tsang on August 16, 2024. The Court thus awards 2.1 hours as to Mr. Hoftiezer and 21.8 hours as to Mr. Wall.

B.      Reasonable Hourly Rate

Courts determine the reasonable hourly rate by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024–25. (9th Cir. 2019). "It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Id.* at 1024 (citing *Hensley*, 461 U.S. at 433) (other citation omitted). In addition, courts may use their "own knowledge of customary rates and their experience concerning reasonable and proper fees." *Sam K. ex rel. Diane C. v. Hawaii Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (quoting *Ingram v. Oroudjian,* 647 F.3d 925, 928 (9th Cir. 2011)).

Defendant requests an hourly rate of $300 for Mr. Hoftiezer. ECF No. 117-1 at 2 ¶ 12. Mr. Hoftiezer is licensed to practice in Hawaii, New York, Massachusetts, and the District of Columbia. *Id.* at ¶ 6. Mr. Hoftiezer has been practicing for 13 years. *Id.* at ¶ 7. Since 2018, Mr. Hoftiezer has worked as a litigation partner at Goodsill. *Id.* at ¶ 9.

5

Defendant requests an hourly rate of $280 for Mr. Wall. *Id.* at 6 ¶ 26; ECF No. 117-11 at 3 ¶ 13. Plaintiffs argue that Mr. Wall's hourly rate is unreasonable. ECF No. 121 at 6–7. The Court disagrees. Mr. Wall is licensed to practice in Hawaii and California. ECF No. 117-11 at 2 ¶ 6. Mr. Wall began practicing in Hawaii in 2017 and has over seven years of experience. *Id.* at ¶¶ 7–8. Mr. Wall currently works as an associate attorney at Goodsill. *Id.* at 1 ¶ 2.

Based on the information provided by counsel, the nature of this action, and this Court's knowledge of the community's prevailing rates, the Court finds that the requested hourly rates for Mr. Hoftiezer and Mr. Wall are reasonable for attorneys with their experience, skill, and expertise. The Court thus awards Mr. Hoftiezer an hourly rate of $300 and Mr. Wall an hourly rate of $280.

    C.    Total Lodestar Calculation

The following is a breakdown of the Court's lodestar calculations above:

| Timekeeper | Rate | Hours | Total |
|---|---|---|---|
| David Hoftiezer, Esq. | $300 | 2.1 | $630.00 |
| Steven Wall, Esq. | $280 | 21.8 | $6,104.00 |
| **TOTAL** | | | **$6,734.00** |

    D.    Costs for Ms. Tsang's Deposition on August 16, 2024

Defendant's counsel states that Defendant incurred $2,070.16 in costs. ECF No. 117-1 at 11 ¶¶ 36–37; ECF No. 117-6 at 3; ECF No. 117-7. The Court finds this requested amount reasonable and related to the deposition. Accordingly, the Court awards Defendant $2,070.16 for costs related to Ms. Tsang's deposition.

II.  Motion for Sanctions

    A.  Number of Hours Reasonably Expended

The Court has carefully reviewed the Supplemental Declarations and the time entries described therein related to the attorneys' fees and costs incurred in filing, preparing for, and arguing the Motion for Sanctions.  ECF Nos. 117-1, 117-6, 117-8, 117-11.  Defendant requests the following amounts related to the Motion for Sanctions:  (1) 26.5 hours for Mr. Hoftiezer; and (2) 25.3 hours for Mr. Wall.  ECF No. 117-1 at 16–17 ¶ 41; ECF No. 117-6 at 15–19; ECF No. 117-11 at 6–9 ¶ 23.

Plaintiffs generally argue that some of the requested fees are unrelated to the Motion for Sanctions, not awarded in the 10/21/2024 Order, or constitute double-billing.  ECF No. 121 at 4–6, 8; ECF No. 121-2 at 4–7.  The Court agrees that some of the requested hours are non-compensable.  Thus, the Court finds that certain reductions are appropriate.

The Court finds that 4.1 of Mr. Hoftiezer's requested hours are not relevant to the Motion for Sanctions.  Mr. Hoftiezer indicates that he spent 4.1 hours between November 27 and 28, 2024 reviewing, revising, and finalizing the Supplemental Declarations.  ECF No. 117-1 at 16 ¶ 38.  The Court finds that these tasks are not related to filing, preparing for, or arguing the Motion for Sanctions.  The Court thus reduces Mr. Hoftiezer's requested hours by 4.1 hours.

The Court finds that 16.0 of Mr. Wall's requested hours are not relevant to the Motion for Sanctions. First, 11.0 of Mr. Wall's requested hours for work completed from August 16 to August 22, 2024,[1] were not related to the Motion for Sanctions. ECF No. 117-11 at 6–7 ¶ 23. Rather, this work was related to the motions for summary judgment. Second, the 4.0 hours expended on drafting the Supplemental Declaration were not related to filing, preparing for, or arguing the Motion for Sanctions. *Id.* at 9 ¶ 23. Third, the 1.8 hours expended on attending the hearing on the Motion for Sanctions on October 9, 2024, were excessive. *Id.* at 8–9 ¶ 23. Mr. Hoftiezer only billed 0.8 hours for attending the same hearing. ECF No. 117-1 at 17 ¶ 41. The Court thus reduces Mr. Wall's time entry from 1.8 hours to 0.8 hours for attending the October 9, 2024 hearing. For these reasons, the Court reduces Mr. Wall's requested hours by 16.0 hours.

The Court finds that all other time expended by Mr. Hoftiezer and Mr. Wall is reasonable. The Court thus awards 22.4 hours as to Mr. Hoftiezer and 9.3 hours as to Mr. Wall related to the Motion for Sanctions.

---

[1] For the time expended on August 22, 2024, the Court finds that the 0.4 hours that Mr. Wall expended on analyzing Plaintiffs' withdrawal of the motion for summary is not related to the Motion for Sanctions. The Court finds that all of the remaining time entries for that day are relevant.

8

B.   Reasonable Hourly Rate

For the reasons previously explained, the Court awards Mr. Hoftiezer an hourly rate of $300 and Mr. Wall an hourly rate of $280.

C.   Total Lodestar Calculation

The following is a breakdown of the Court's lodestar calculations above:

| Timekeeper | Rate | Hours | Total |
| --- | --- | --- | --- |
| David Hoftiezer, Esq. | $300 | 22.4 | $6,720.00 |
| Steven Wall, Esq. | $280 | 9.3 | $2,604.00 |
| **TOTAL** | | | **$9,324.00** |

D.   Costs Related to the Motion for Sanctions

Defendant's counsel indicates that Defendant incurred $333.40 in costs to file, prepare, and argue the Motion for Sanctions. ECF No. 117-1 at 18–19 ¶¶ 47–50; ECF No. 117-6 at 8; ECF No. 117-8. Defendant incurred these costs to obtain supplemental records to ensure the accuracy of all of the information in the Motion for Sanctions. ECF No. 117-1 at 19 ¶ 49. The Court finds these costs reasonable. Accordingly, the Court awards Defendant $333.40 for costs related to the Motion for Sanctions.

III.  Re-Deposing Ms. Tsang on November 14, 2024

A.   Number of Hours Reasonably Expended

The Court has carefully reviewed the Supplemental Declarations and the time entries described therein related to the fees incurred in re-deposing Ms. Tsang on November 14, 2024. ECF Nos. 117-1, 117-6, 117-9, 117-10, 117-11.

Defendant requests the following amounts related to the deposition: (1) 17.8 hours for Mr. Hoftiezer; and (2) 2.0 hours for Mr. Wall. ECF No. 117-1 at 19–21 ¶ 51; ECF No. 117-6 at 20–22; ECF No. 117-11 at 11–12 ¶ 32.

Plaintiffs argue that the time billed for re-deposing Ms. Tsang is excessive. ECF No. 121 at 5–6. The Court disagrees. The Court finds that the time spent by Mr. Hoftiezer and Mr. Wall are reasonable amounts of time to have expended in re-deposing Ms. Tsang. The Court thus awards 17.8 hours as to Mr. Hoftiezer and 2.0 hours as to Mr. Wall.

B.   Reasonable Hourly Rate

For the reasons previously explained, the Court awards Mr. Hoftiezer an hourly rate of $300 and Mr. Wall an hourly rate of $280.

C.   Total Lodestar Calculation

The following is a breakdown of the Court's lodestar calculations above:

| Timekeeper | Rate | Hours | Total |
|---|---|---|---|
| David Hoftiezer, Esq. | $300 | 17.8 | $5,340.00 |
| Steven Wall, Esq. | $280 | 2.0 | $560.00 |
| **TOTAL** | | | $5,900.00 |

D.   Costs Related to the Motion for Sanctions

Defendant's counsel indicates that Defendant incurred $1,200 for an interpreter for Ms. Tsang and $2,354.50 in costs for the court reporter. ECF No. 117-1 at 21 ¶ 54; ECF No. 117-6 at 11; ECF No. 117-9; ECF No. 117-10. Plaintiffs' counsel indicates that Plaintiffs already paid the invoice for the

interpreter. ECF No. 121 at 7–8. The Court thus finds that Defendant is not entitled to an award for this cost. The Court finds the costs for the court reporter are reasonable and relevant to re-deposing Ms. Tsang. Accordingly, the Court awards Defendant $2,354.50 in costs related to re-deposing Ms. Tsang.

IV. Total Award

Pursuant to the 10/21/2024 Order, the Court awards Defendant $17,485.28 in attorneys' fees and costs as follows:

| Category | Attorneys' Fees | Costs | Subtotal of Fees and Costs | **Calculated Award Amount** |
|---|---|---|---|---|
| (1) 50% of all reasonable attorneys' fees and costs associated with deposing Ms. Tsang on August 16, 2024 | $6,734.00 | $2,070.16 | $8,804.16 | **$4,402.08** |
| (2) 50% of all reasonable attorneys' fees and costs incurred related to filing, preparing for, and arguing the Motion for Sanctions | $9,324.00 | $333.40 | $9,657.40 | **$4,828.70** |
| (3) All reasonable attorneys' fees and costs associated with re-deposing Ms. Tsang | $5,900.00 | $2,354.50 | $8,254.50 | **$8,254.50** |
| **TOTAL** | | | | **$17,485.28** |

The Court finds the foregoing calculated award to be reasonable and declines to adjust this lodestar amount.

11

CONCLUSION

Based on the foregoing, the Court ORDERS Plaintiffs to pay the reasonable fees and costs in the amount of **$17,485.28**.  Plaintiffs shall remit payment to Defendant's counsel by **February 3, 2025**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 3, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Tsang v. Porter McGuire Kiakona, LLP, et al*, Civil No. 23-00333 MWJS-KJM; Order Regarding Award of Expenses Pursuant to October 21, 2024 Order (ECF No. 105)